UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| | § |
| v. | §  Case No. 3:24-CR-0212-X (1) |
| | § |
| | § |
| CHARLES ANTHONY LEE, JR. | § |

## MEMORANDUM OPINION AND ORDER

Defendant Charles Anthony Lee, Jr. has a motion to suppress pending before the Court. (Doc. 25). Having reviewed the parties' arguments, the applicable caselaw, and the underlying facts, the Court concludes that the search was constitutional, and therefore, the Court **DENIES** Lee's motion to suppress. (Doc. 25).

### I. Background

Lee had a warrant for his arrest for homicide for allegedly causing the death of a two-year old who consumed fentanyl. The Dallas Police Department received a notice that Lee was staying at a hotel in Dallas that was known to officers to be associated with drug trafficking. Officers set up surveillance around noon on December 21, 2023. They observed an unknown man and woman enter and exit the room several times, and the person who answered the door was also unknown.

Officers saw Lee exit the room with a dog at 5:25 PM and arrested him in the breezeway outside the room. The officers searched Lee incident to the arrest and found a clear bag with what appeared to be methamphetamine and blue pills that appeared to be fentanyl. Then two individuals the officers had seen coming in and out of the room exited the room, and the officers detained them. The woman told

1

officers she was looking for drugs and admitted to buying drugs from Lee. The man admitted to possessing methamphetamine, and officers searched him and found methamphetamine, cocaine, fentanyl, and drug paraphernalia in his pocket. Officers then knocked on the door to the room. Another woman answered, and she had an active warrant for a parole violation.

Officers then conducted a protective sweep of the room to ensure no one else was present who would be a threat to their safety (because they did not know if other people were in the room). The sweep lasted 54 seconds. They saw evidence of narcotics trafficking in plain view. They obtained a search warrant from a Dallas County magistrate judge, executed the warrant, and found drugs and a firearm in the room.

Lee seeks to suppress the evidence seized as a result of the warrantless search of the hotel room, the subsequent search warrant, and anything obtained from the execution of that warrant.

## II. Legal Standard

The Fourth Amendment to the Constitution ensures "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."[1] Generally, warrantless searches and seizures are considered unreasonable, subject to "specifically established and well-delineated exceptions,"[2] and the government bears the burden of establishing that the search falls into one of

---

[1] U.S. Const. amend. IV.

[2] *Katz v. United States*, 389 U.S. 347, 357 (1967).

the exceptions.³  One of those exceptions exists when exigent circumstances justify immediate action by law enforcement.⁴  If, "given the totality of circumstances," an officer has an objectively reasonable basis for their concern for public safety, the exigent circumstances exception to the warrant requirement can apply.⁵  Circumstances such as a "genuine risk that officers [] will be endangered, [] suspects will escape, or that evidence will be destroyed" can provide a reasonable basis for a warrantless search.⁶

If officers have obtained a warrant, the court must assess whether the magistrate judge had a substantial basis to conclude that probable cause existed for the search.⁷  Probable cause exists when "given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place."⁸  A search executed pursuant to a warrant supported by probable cause is reasonable.⁹  If there was no probable cause to issue a warrant, evidence recovered pursuant to that search should still not be excluded if the officers reasonably relied in good faith on the warrant.¹⁰  Generally, officers can rely in good faith on a warrant unless "it can be said that the law enforcement officer had

---

³ *United States v. Aguirre*, 664 F.3d 606, 610 (5th Cir. 2011).

⁴ *Linicomn v. Hill*, 902 F.3d 529, 536 (5th Cir. 2018).

⁵ *Id.*

⁶ *United States v. Menchaca-Castruita*, 587 F.3d 283, 289 (5th Cir. 2009).

⁷ *Aguirre*, 664 F.3d at 613.

⁸ *Id.* (cleaned up).

⁹ *United Transp. Union v. Foster*, 205 F.3d 851, 858 n.12 (5th Cir. 2000).

¹⁰ *United States v. Leon*, 468 U.S. 897, 922–23 (1984).

knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment."[11]

Under the exclusionary rule, evidence derived from an unconstitutional search should be suppressed,[12] but suppression is an "extreme sanction"[13] and only used as a "last resort."[14]

### III. Analysis

Lee's motion was predicated on an assumption that didn't pan out at the suppression hearing. Lee's motion seeks to suppress the evidence seized as a result of the search warrant because "the sweep was unlawful, and the search warrant derived from that sweep cannot stand."[15] So, the motion's assumption was that the search warrant was derived from the sweep (like the officer's affidavit applying for the warrant referencing the drugs in plain view they encountered during the sweep).

But the testimony at the suppression hearing confirmed the search warrant was not derived from the sweep. The testimony was that officers decided to apply for a search warrant once they arrested Lee with drugs on his person.[16] The point of the protective sweep was to ensure no one else was in the room and to hold the location

---

[11] *United States v. Allen*, 625 F.3d 830, 836 (5th Cir. 2010).

[12] *United States v. Calandra*, 414 U.S. 338, 347 (1974).

[13] *Leon*, 468 U.S. at 916.

[14] *Herring v. United States*, 555 U.S. 135, 140 (2009).

[15] Suppression Motion, Doc. 25 at 2.

[16] Suppression Hr'g Tr. at 19:15–22 ("Q: Okay. All right. So after you get him in custody, what is the next thing that you and your team do? A. So at that point, we requested more cover because we had planned on running a search warrant on the residence. So in order to do that, we have to hold the residence, keep it contained and also deal with Mr. Lee.").

4

until the officers could obtain a search warrant.[17]  True, the officers saw drugs in plain view during the sweep.  But the only testimony at the suppression hearing was that the search warrant affidavit did not include the drugs seen during the sweep but did include the drugs found on Lee's person (and the cooperating sources).[18]  The drugs in the hotel room were seized pursuant to the warrant—not the sweep.  As a result, the lawfulness of the sweep is not material because the indictment charges Lee with the drugs and gun seized in the search of his person incident to his arrest and the search of his hotel room pursuant to the warrant.  In other words, whether or not the sweep was a poisonous tree, the search warrant and seizure of the drugs in the room were not its fruit.

And Lee makes no argument that the search warrant was otherwise unlawful.[19]

## IV. Conclusion

As a result, the Court **DENIES** Lee's motion to suppress.  (Doc. 25).

---

[17] Tr. at 24:12–22 ("Q.  And so once you guys get up to the door, what's the plan?  A.  So once we get up to the door, we know there's at least one other person in there.  We knock on the door to see if we can make contact with anyone, which we did.  We pull that individual out of the room.  We ask, is there anyone else in the location.  She states that there's no one else in there.  We do a quick protective sweep to ensure no one else is in there and then we hold the location until we obtain the search warrant.").

[18] Tr. at 27:17–28:3 ("Q.  Did you find some evidence within that room that was entered into the search warrant affidavit for probable cause to enter the residence?  A.  I do not believe—I did not write the search warrant, but I do not believe that the evidence inside that room was used for the obtaining of the search warrant.  Q.  And so what evidence and information was used in the affidavit for the search warrant for that room?  A.  The narcotics recovered from Mr. Lee and the cooperating source and the cooperating defendant.").

[19] The Government also argues Lee lacks standing to file his motion to suppress because they found no evidence that he was a lawful tenant of the hotel room.  Had the Court had to reach the merits of Lee's motion, it would have first addressed Lee's standing.

**IT IS SO ORDERED** this 3rd day of June, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE